IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DARLENE POWERS,<br>3866 Spring Mill Way<br>Maineville, Ohio 45039 | ] <br> ] | Case No. **1:08CV155** |
| and | ] | Judge **WEBER, J.** |
| JOHN POWERS,<br>3866 Spring Mill Way<br>Maineville, Ohio 45039 | ]<br>] | |
| Plaintiff, | ] | **COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREIN** |
| vs | ] | |
| DETECTIVE DIEDERSHEIMER<br>Mason Police Department<br>6000 Mason Montgomery Road<br>Mason, Ohio 45040 | ]<br><br>]<br>] | |
| and | ] | |
| DETECTIVE CARTER<br>Mason Police Department<br>6000 Mason Montgomery Road<br>Mason, Ohio 45040 | ]<br><br>]<br>] | |
| and | ] | |
| CEDAR FAIR LP    d.b.a.<br>CEDAR FAIR ENTERTAINMENT, CO.<br>One Cedar Point Drive<br>Sandusky, Ohio 44870-5259 | ]<br><br>]<br>] | |
| Defendants. | | |

WHITAKER & SHADE, LLC
ATTORNEYS AT LAW
226 READING ROAD
MASON, OHIO 45040
(513) 398-1910
FAX (513) 398-0181

## I. PRELIMINARY STATEMENT

1. All allegations to Plaintiff unless specified otherwise mean the Plaintiff, Darlene Powers. This is an action brought by a terminated employee against the Defendant Cedar Fair LP d.b.a. Cedar Fair Entertainment, Co. (hereinafter designated Cedar Fair Entertainment), and/or any successor business entity, pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §626 et seq. for age discrimination and O.R.C. §4112 et seq., and violation of Ohio tort law. Plaintiff's civil rights were violated under Title VII of the Civil Rights Act of 1964 (Title VII) whereby Defendant discriminated against Plaintiff on the basis of Plaintiff's gender, 42 U.S.C. §2000e. Defendant unless otherwise specified means the Defendant Cedar Fair LP.

## II. PARTIES

2. Plaintiff Darlene Powers, age 49 (and at all times material hereto was over 40 years of age), is an individual residing in Maineville, Ohio. Plaintiff was an employee of Defendant Cedar Fair Entertainment at their amusement park located in Kings Mills, Ohio from July 1, 2006 to May 11, 2007. Plaintiff was an employee of the business purchased by the Defendant. Within the jurisdiction of this Court and at all times relevant to this action, Plaintiff Darlene Powers was hired as an employee by Cedar Fair LP, formerly known as Paramount Kings Island and most recently held the position of Cash Control Supervisor.

3. On information and belief, Defendant is an Ohio corporation with its principal place of business in Sandusky, Ohio.

4. At all times relevant to the allegation in this Complaint, Defendant operated from a facility in Kings Mills, Ohio (Warren County).

5. Defendant is principally engaged in the business of amusement parks.

6. At all relevant times, Defendant employed more than 20 people. The Plaintiff has been employed approximately twenty (20) years by the business entities who were operating the same business purchased by the Defendant, Cedar Fair Entertainment, Co.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) and §2000e-3(a), as amended by the Civil Rights Act of 1991 (CRA §91), 42 U.S.C. §1981A et seq. and the Age Discrimination in Employment Act of 1974 (ADEA), 29 U.S.C. §621 et seq. Plaintiff also seeks a remedy for Defendant's intentional infliction of emotional distress.

8. The Southern District of Ohio, Southern Division is the proper venue for this action pursuant to 28 U.S.C. §§1391 (b)(1) and (b)(2) because this is the District and Division in which Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims

WHITAKER & SHADE, LLC
ATTORNEYS AT LAW
226 READING ROAD
MASON, OHIO 45040
(513) 398-1910
FAX (513) 398-0181

2

occurred. Under Section 706(f)(3) of Title VII this action may be brought in the Southern District of Ohio, Southern Division because the unlawful employment practice by Defendant was committed in the Southern District's judicial district.

9. This Court has pendent jurisdiction over the Detective Diedersheimer and Detective Carter.

10. Plaintiff was interrogated by Detective Diedersheimer and Detective Carter after a request to consult with counsel on or about the 27th day of April, 2007.

11. The Defendants Detective Diedersheimer and Detective Carter failed to provide facilities for the Plaintiff to immediately communicate with an attorney; and after Plaintiff's request for counsel Plaintiff was left in an interrogation room by Detective Diedersheimer. Detective Carter continued to speak to Plaintiff in an accusatory fashion.

12. The actions of the Defendants Detective Diedersheimer and Detective Carter are in violation of Ohio Revised Code §2935.20 interfering with Plaintiff's civil rights as provided in Ohio Revised Code §2921.45.

## IV. PROCEDURAL PREREQUISITES

13. On July 26 2007, (within 180 days of the last acts of discrimination), Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon her sex and age.

14. Plaintiff received a Right to Sue Letter dated December 18, 2007 and fewer than ninety days have elapsed since Plaintiff received same.

## V. FACTS

### Factual Background

15. Plaintiff was born on March 9, 1958 and was 49 years old at the time she filed her charge of discrimination.

16. Plaintiff was hired approximately 1989 by Kings Island, the predecessor to all businesses prior to Cedar Fair Entertainment, owned and operated by Cedar Fair LP (hereinafter referred to as "Cedar Fair" or "company") Plaintiff's employment background includes approximately twenty-four (24) years of experience with job duties with the business entities purchased by the Defendant located in Kings Mills, Ohio (Warren County). Plaintiff had several years where she voluntarily did not work for Kings Island.

WHITAKER & SHADE, LLC
ATTORNEYS AT LAW
226 READING ROAD
MASON, OHIO 45040
(513) 398-1910
FAX (513) 398-0181

3

17. During the entire period of her employment, Plaintiff did an outstanding job and regularly received above-average job appraisals and substantial wage increases and was frequently praised by her superiors for her excellent work.

18. On April 11, 2007 Plaintiff was advised that a discrepancy had been found in the Money Room records. No other information was provided to Plaintiff.

19. As a result of the alleged discrepancy, Plaintiff's employment was terminated on May 11, 2007. Plaintiff was never questioned by any employee, supervisor, human resources employee, security or management regarding the alleged discrepancy.

20. Over twelve female employees have been fired or left the Defendant's employ due to the working environment created by management. All of the women who left the Defendant company were over 40 years of age. To the best of Plaintiff's knowledge and belief all women managers were eliminated in late 2006. None of the executives employed by Defendant are women.

21. Defendant is engaged in an industry affecting commerce, as defined in Section 11(h) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 630(h). Defendant has employed twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Defendant is "an employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. 630(b)

22. Plaintiff was 49 years of age at the time the age discrimination is charged and thus Plaintiff is qualified to being suit under 29 U.S.C. 631(a) of the ADEA.

23. Plaintiff has been harassed by Defendant through misrepresentation of facts to police who have stalked Plaintiff at her residence, released false information causing defamatory remarks through the Warren County prosecutor's office.

24. Plaintiff has been falsely indicted on false information from the Defendant.

## VI. CAUSES OF ACTION

25. This is a complaint by an individual for damages arising out of the conduct of Defendant in wrongfully terminating Plaintiff's employment. Plaintiff's age, gender and sex was a determining factor in Defendant's decision to terminate Plaintiff. Defendant knowingly and willfully discriminated against Plaintiff on the basis of her age, gender and sex. Such termination

WHITAKER & SHADE, LLC
ATTORNEYS AT LAW
226 READING ROAD
MASON, OHIO 45040
(513) 398-1910
FAX (513) 398-0181

4

was a substantial factor in causing damage and injury to Plaintiff as set forth herein.

26. As a result of the aforesaid acts of Defendant, Plaintiff has become mentally upset, distressed and aggravated. Plaintiff has suffered and will continue to suffer irreparable injury from the Defendant's policies and practices as set forth in this Complaint. Plaintiff claims general damages for such mental distress and aggravation in an amount to be proven at the time of trial.

27. As a direct and proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has lost substantial employment benefits and suffered other incidental and consequential damages and expenses, the total amount of which will be proven at the time of trial. Damages include lost wages, salary, benefits and certain other incidental and consequential expenses and losses and increased medical expenses, the exact amount of which is not now known to Plaintiff, but will be proven at trial, and a significant loss in the quality of her life.

28. Plaintiff alleges general damages to be proved at trial as a result of her reputation being tarnished and harmed due to Defendant's discriminatory practices and policies.

29. **ADEA:** Plaintiff incorporates by reference all of the allegations of paragraphs 12 through 24 herein. Plaintiff avers that Defendant's unlawful and discriminatory termination of her employment on account of her age violates the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 *et seq.*, justifying an award, *inter alia*, of backpay, front pay, benefits and compensatory and liquidated damages against the Defendant.

30. **TITLE VII:** By the above acts, Defendant has violated Title VII by discriminating against Plaintiff because of her sex in the terms, conditions and privileges of her employment

31. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:** Defendant and the Defendants Detective Diedersheimer and Detective Carter by their outrageous conduct with no reasons or allegations only to misrepresent facts to harass Plaintiff has caused Plaintiff severe mental and emotional distress, while violating her constitutional rights.

32. Plaintiff, John Powers the husband of the Plaintiff; and Darlene Powers, as the result of the allegations in paragraphs 12 through 31 has a loss of consortium for the damages caused to him as the result of the injuries to his wife.

33. **DEFAMATION OF CHARACTER AND FALSE ARREST:** Plaintiff's character has been defamed and she has been falsely accused and charged of a criminal act as the result of Defendant's negligence.

WHITAKER & SHADE, LLC
ATTORNEYS AT LAW
226 READING ROAD
MASON, OHIO 45040
(513) 398-1910
FAX (513) 398-0181

5

**WHEREFORE**, Plaintiffs respectfully prays for judgment against the Defendants as follows:

1. Entry of judgment in favor of Plaintiffs and against all the Defendants;

2. For money judgment representing compensatory damages, including lost wages, and all other sums of money, including retirement benefits and other employment benefits, together with interest on said amounts; not less than $500,000.00.

3. Back pay; not less than $500,000.00 from the Defendant Cedar Fair Entertainment;

3. Reinstatement, or in the alternative, front pay from the Defendant Cedar Fair Entertainment;

4. Liquidated damages for Defendant's willful violations of the Age Discrimination in Employment Act pursuant to 29 U.S.C. §626(b) from the Defendant Cedar Fair Entertainment;

5. Attorneys' fees and costs as provided by 29 U.S.C. sec 21(b) and sec. 706(k) of Title VII from all the Defendants;

6. Damages from defamation of character and false arrest from all the Defendants; and

7. Other such relief as this Court deems proper and just.

8. Punitive damages.

WHITAKER & SHADE, LLC
ATTORNEYS AT LAW
226 READING ROAD
MASON, OHIO 45040
(513) 398-1910
FAX (513) 398-0181

6

Respectfully submitted,

_____
James A. Whitaker (0000992)
Attorney for Plaintiff
226 Reading Road
Mason, OH 45040
(513) 398-1910
Fax (513) 398-0181

## JURY DEMAND

Plaintiff hereby demands a jury trial with respect to all issues so triable.

_____
James A. Whitaker (0000992)

WHITAKER & SHADE, LLC
ATTORNEYS AT LAW
226 READING ROAD
MASON, OHIO 45040
(513) 398-1910
FAX (513) 398-0181

7